## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>PHOTO STENCIL, LLC,<br><br>Debtor. | Case No.: 16-16897 MER<br><br>Chapter 11 |

**MOTION TO CONVERT OR, ALTERNATIVELY, DISMISS CHAPTER 11 CASE AND MEMORANDUM IN SUPPORT THEREOF**

Forum Financial Services, Inc. ("Forum Financial"), by and through its counsel the Ito Law Group, LLC, respectfully moves this Court for entry of an order converting or, alternatively, dismissing the above-captioned Chapter 11 case. In support thereof, Forum Financial states as follows:

### Background

1. On July 12, 2016 (the "Petition Date"), Photo Stencil, LLC (the "Debtor") filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues to operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. The exclusive period for the Debtor to file a plan terminated on November 9, 2016 and no plan has been filed.

**Argument for Conversion**

4. Pursuant to 11 U.S.C. § 1112(b)(4), a Chapter 11 case may be converted for "cause," including, but not limited to:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> …
> (E) failure to comply with an order of the court;
> …
> (J) failure to file a disclosure statement, or to file or to confirm a plan, within the time fixed by this title or by order of the court…

5. "Cause" for conversion or dismissal is intended to be illustrative and not exclusive. *See*, *e.g.*, *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) and *In re SB Properties Inc.*, 185 B.R. 206, 208 (Bankr. E.D. Pa. 1995).

6. In accordance with case law,

> Dismissal or conversion of a chapter 11 case under 11 U.S.C. § 1112(b) is a two step process. First, the Court must determine if "cause" exists for dismissal or conversion of the chapter 11 case. Next, the Court must determine whether dismissal or conversion is in the best interest of creditors and the estate.

*In re OptinRealBig.com, LLC*, 345 B.R. 277, 282 (Bankr. D. Colo. 2006) (internal citations omitted).

7. On a motion to convert or dismiss, the movant has the burden of proof. *Bal Harbour Club, Inc. v. AVA Dev. Inc.* (*In re Bal Harbour Club, Inc.*), 316 F.3d 1192, 1195 (11th Cir. 2003). Here, the burden of proof rests with Forum Financial.

8. Once the movant has established "cause," the burden shifts to the debtor to establish the exceptions provided by section 1112(b)(2) of the Bankruptcy Code. *See* 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1112.05 (16 ed. Rev. 2009).

**"Cause" for Conversion—Substantial or Continuing Loss to or Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation**

9. An enumerated basis for "cause" for conversion includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

10. Section 1112(b)(4)(A) is written in the conjunctive. Therefore, it requires both substantial or continuing loss or diminution of the estate and an absence of a reasonable likelihood of rehabilitation. *See In re Motel Prop., Inc.*, 314 B.R. 889, 895 (Bankr. S.D. Ga. 2004).

11. There is a "substantial or continuing loss to or diminution of the estate" as evidenced in the monthly operating reports filed by the Debtor.

12. The Debtor's income statement for the periods ending September [Docket No. 179, p. 6], October [Docket No. 180, p. 6] and November 2016 [Docket No. 193, p. 6] shows that the Debtor is steadily digging itself a deeper and deeper hole:

|  | September | October | November |
|---|---|---|---|
| Accumulated Operating Income (Loss): | ($80,992) | ($193,055) | ($303,749) |
| Accumulated Net Income (Loss): | ($336,905) | ($508,942) | ($699,899) |

13. There is also the "absence of a reasonable likelihood of rehabilitation." In addition to the fact that the Debtor (as discussed below) failed as promised to file a plan within the first 120 days, the Debtor has also failed to meet its budget projections. Early on in this Chapter 11, the Debtor prepared a thirteen week budget. For the week ending December 5, 2016, the Debtor projected an ending cash balance of $142,825. The operating report filed by the Debtor for the period ending November 30, 2016 shows an ending cash balance of $7,095. *See* November 2016 Operating Report, p. 2 [Docket No. 193].

14. Based on its dismal financial performance, the Debtor has no reasonable likelihood of rehabilitation.

### **"Cause" for Conversion—Failure to File a Plan Within the Time Fixed by Title 11**

15. At a hearing held before the Court on September 14, 2016 (the "September 14 Hearing"), the Debtor assured the Court that there would be no problem filing a plan within the first 120 days:

> The Court: What are your intentions and your timing with respect to a plan and disclosure statement so we can determine how long this is really going to stretch out?
>
> Mr. Kutner: Well, we're expecting to file a plan within the first 120 days so we have another 60 days approximately to go with respect to filing a plan. We don't think that's going to be that much of a problem.

*See* Transcript of Hearing Held on September 14, 2016 (the "Transcript"), p. 19, ll. 4-10.

16. At that same hearing, the Court expressly told the Debtor that it expected to see a plan of reorganization filed within the 120 day period:

> Now I'll tell you right now, Mr. Kutner, don't expect me to extend the time for filing a plan. I'm going to want to see something filed within 120 days, so be aware of that.

*See* Transcript, p. 27, ll. 8-11.

17. The exclusive right for the Debtor to file a plan terminated on November 9, 2016 and no plan has been filed.

### "Cause" for Conversion—Gross Mismanagement of the Estate

18. As set forth it's Motion for Relief from Stay or, in the Alternative, for Adequate Protection [Docket No. 95] and as detailed during the September 14 Hearing [Transcript, pp. 3 to 12], Forum Financial asserts that there has been gross mismanagement of the Debtor both prior to and subsequent to the Petition Date.

19. Specifically, the Debtor, by and through Eric Weissmann ("Mr. Weissmann"), the Debtor's Chief Executive Officer, has engaged in and continues to engage in undisclosed business dealings and unorthodox business practices. Mr. Weissmann has a number of affiliations, which do not appear to have been previously disclosed. During the course of the first meeting of creditors held on August 22, 2016, the following was learned: The Debtor is owned by 100% by Photo Stencil Holdings, Inc. ("Photo Stencil Holdings"). *See* Docket No. 93. Mr. Weissmann is a shareholder of Photo Stencil Holdings. Mr. Weissmann and his wife are the members of Izzy Aviation, LLC, d/b/a Kachi Partners, ("Izzy Aviation"). Izzy Aviation is also a shareholder of Photo Stencil Holdings. Mr. Weissmann is also a member of Kachi Management LLC ("Kachi Management"). Prior to the Petition Date, the Debtor entered into a management agreement with Kachi Management pursuant to which it was to receive $15,000 a month from the Debtor. These payments to Kachi Management, which is an insider based on Mr. Weissmann's membership interest, were not disclosed in response to Question 4 of the Debtor's Statement of Financial Affairs. *See* Statement of Financial Affairs, Docket No. 61. After the Petition Date, the monthly payment to Kachi Management was reduced to $8,000. Mr. Weissmann testified during the meeting of creditors that Kachi Management renders management services to the Debtor. However, Mr. Weissmann was unable to elaborate on how the services rendered by Kachi Management differ from the services rendered by him as the Debtor's Chief Executive Officer for which he receives a monthly salary of $11,000. Mr. Weissmann is also a member of TKF Investment Fund II, LLC, a secured creditor owed approximately $4,900,000. *See* Declaration of Eric Weissmann, Docket No. 24, ¶ 9. Mr. Weissmann's relationships with these entities should have been disclosed if for no other reason than to avoid the appearance of a conflict of interest or impropriety vis-à-vis his role as the Chief Executive Officer of the Debtor.

20. In the year prior to bankruptcy, the Debtor paid Mr. Weissmann in addition to his compensation $553,757 as an expense reimbursement. *See* Statement of Financial Affairs, Docket No. 61, Question No. 30.1. The expense reimbursement is extremely high. According to testimony provided by Mr. Weissmann at the first meeting of creditors, he paid for the cost of the Debtor's materials with his personal credit card. It is unclear if this practice continues postpetition.

### Conversion of the Case is in the Best Interests of Creditors and the Estate

21. Once "cause" is found under 11 U.S.C. § 1112(b), the Court must determine whether dismissal or conversion is in the "best interests of creditors and the estate." The standard for choosing between conversion or dismissal based on the "best interest of creditors and the estate" implies a balancing test to be applied through a case-by-case analysis. *In re OptinRealBig.com, LLC*, 345 B.R. at 290. The element of the best interest of creditors requires the Court to consider which alternative would be most advantageous to the parties and the element that is focused on is whether the economic value of the estate is greater inside or outside of the bankruptcy. *Id*.[1]

22. In this case, the balance tips in favor of conversion. A Chapter 7 trustee can investigate and determine whether claims, including avoidance claims, exist against Mr. Weissmann. Conversion will eliminate the ability of Mr. Weissmann to refile another bankruptcy. Conversion will maximize the estate's value to creditors as a Chapter 7 trustee will be able to orderly liquidate the Debtor's assets. A Chapter 7 will allow for the orderly retrieval of property and equipment by lessors, including Forum Financial. Most importantly, a Chapter 7 will serve to protect the interests of creditors as it will remove Mr. Weissmann from control and will eliminate the opportunity for further mismanagement by Mr. Weissmann.

---

[1] The authors of the treatise Collier on Bankruptcy suggest that, where the parties disagree on the conversion or dismissal alternatives, the court must determine which alternative is appropriate, considering the following factors:

> (1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside of the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor has engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See* 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1112.04(6) (16 ed. Rev. 2009).

## Conclusion

23. "Cause" exists for conversion of this case.

WHEREFORE, Forum Financial respectfully requests that this Court (i) enter an order converting this case to Chapter 7 or, alternatively, dismissing it and (ii) grant such other and further relief as the Court deems proper.

Dated: January 23, 2017          **ITO LAW GROUP LLC**

                                   By: /s/ Peter W. Ito
                                         Peter W. Ito
                                         1550 Larimer Street, Suite 667
                                         Denver, CO 80202
                                         Telephone: (720) 281-5294
                                         Email: peter@itolawgroup.com

                                  **Attorneys for Forum Financial Services, Inc.**