UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
PHOTO STENCIL, LLC ) Case No. 16-16897-MER
)
) Chapter 11
Debtor. )

## OBJECTION TO MOTION TO CONVERT OR, ALTERNATIVELY, DISMISS CHAPTER 11 CASE

The Debtor, Photo Stencil, LLC ("Debtor"), by and through its attorneys, Kutner Brinen, P.C., states its Objection to the Motion to Convert or, Alternatively, Dismiss Chapter 11 Case filed by Forum Financial Services, Inc. ("Forum") as follows:

**Factual Background**

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 12, 2016. The Debtor remains a debtor-in-possession.

2. The Debtor is engaged in business as a designer and manufacturer of high-performance stencils, squeegee blades, and tooling for the surface mount assembly, solar, and semiconductor industries. Among other things, the Debtor designs and manufactures high end stencils for the electrical component industry and is the only such company with such capability in North America.

3. The Debtor filed its initial Statement of Financial Affairs and Schedules on August 2, 2016.

4. The Debtor's meeting of creditors was held pursuant to 11 U.S.C. §341 on August 22, 2016.

5. On October 5, 2016 the Debtor filed an Amended Statement of Financial Affairs and Amended Schedules ("Amended Documents"). The Amended Documents made substantial changes, clarifications, and provided updates to the documents originally filed. The amendments clarified the payments made to and the affiliations of the Debtor's management team.

**Forum Financial Services, Inc.**

6. Forum Financial Services, Inc. ("Forum") filed its Motion to Convert or, Alternatively, Dismiss Chapter 11 Case on January 23, 2017 ("Motion to Convert"). The Motion

1

to Convert is part of a strategy that Forum has been trying to employ since August 2016 to obtain its collateral back from the Debtor. The collateral consists of a single machine known as a LPKF StencilLaser with operating software ("Forum Collateral"). The Forum Collateral was the subject of a Master Lease Agreement between Forum and the Debtor dated July 23, 2013 and amended January 27, 2016.

      7.      Forum filed its first motion for relief from stay in August 2016 attempting to obtain relief from stay to repossess the Forum Collateral. The Forum motion was denied and the Debtor was ordered to pay Forum $1,000 per month as adequate protection payments plus Forum was allowed to setoff its security deposit of $10,170. The Debtor has been making payments to Forum as ordered.

      8.      Forum filed its Renewed Motion for Relief From Stay on January 4, 2017 once again requesting relief from stay with respect to the Forum Collateral. The Debtor has objected and the matter is set for a final hearing on May 2, 2017 at the same time as the Motion to Convert.

      9.      The Debtor has also filed an adversary proceeding against Forum requesting declaratory relief in the form of a determination that the Forum Master Lease Agreement and associated documents constitute a security agreement as opposed to a true lease.

**Complexity of Debtor's Case**

      10.      The greatest impediment faced by the Debtor in this case has been its need to assume its sublease for its manufacturing plant located at 16080 Table Mountain Parkway in Golden, Colorado ("Property"). The Debtor spent several million dollars preparing the Property for its move in over a year ago. In the construction and build out of the project, it suffered from time delays and cost over-runs which led in part to the chapter 11 filing. In order to assume the Debtor's sublease for the Property, the Debtor would have to quantify and pay mechanics liens filed with respect to the Property that totaled in excess of $629,600 plus past due rent which was in excess of $200,000. The mechanics liens were disputed and the subject of a lawsuit pending in Jefferson County District Court.

      11.      Litigation of the mechanics lien case could have taken up to a year or more and would have had a serious impact on the Debtor's ability to assume its sublease and raise the new capital needed to pay the cure cost. The Debtor has spent substantial time negotiating with the mechanics lien claimants and has reached an advantageous agreement that will allow the Debtor

2

to satisfy the mechanics liens at a discounted number. The agreement is expected to be filed with the Court for approval.

12. The Debtor has also worked with its landlord in an effort to maintain rent payments and work out the terms of a cure. The landlord has been working with the Debtor in this regard and recognizing the issues the Debtor has been working to resolve has provided a written consent to further extension of the time needed to assume the sublease. The extension request was filed and approved on January 17, 2017 extending the time to assume the sublease to May 8, 2017.

13. The Debtor subleases its space from a company named Pixelteq pursuant to a written sublease. The Debtor's monthly base rent is approximately $30,213.33 plus additional monthly CAM charges are approximately $12,480. The sublease remaining term is through the end of 2018. Given the short remaining term, the unique character of the leased premises, and the status of the mechanics liens, the conversion or dismissal of the chapter 11 case would clearly have a detrimental effect on Pixelteq who has a remaining obligation for these costs to the owner of the leased premises.

14. The Debtor has also resolved issues with its major customer Intel Corp. and their purchase agreements were assumed and approved December 2, 2016.

15. The Debtor has three principal lenders in this case. The most senior is Celtic Capital ("Celtic") with a first lien on accounts receivable in the amount of approximately $280,000. The second is PMC Financial Services Group, LLC ("PMC"), and the third is TKF Interim Funding II, LLC ("TKF"). The PMC claim is approximately $1,876,706 and the TKF claim is approximately $5,067,978.

16. The Debtor has been making all required post-petition payments including not only those due Forum but its rent and adequate protection payments to its secured lenders, Celtic and PMC.

**No cause for conversion of the case exists**

17. Forum claims in its Motion to Convert that cause for conversion exists because of the Debtor's "substantial or continuing loss to or diminution of the estate". Forum then cites in support of its claim selected numbers from the Debtor's monthly operating reports for the months of September, October, and November 2016. The losses cited by Forum are very misleading and do not accurately reflect the Debtor's operational results.

3

18. Forum uses the Debtor's line items in its monthly reports for Accumulated Operating Income (Loss) and for Accumulated Net Income (Loss). However, these numbers include non-cash items such as depreciation, amortization, accrued but unpaid interest on the Debtor's secured loans that exceed $7 million. When the non-cash items are net out of the numbers cited by Forum, the results change significantly for the better:

|  | September | October | November |
|---|---|---|---|
| *Adjusted* cumulative operating income | $81,170 | $31,171 | ($17,459) |
| *Adjusted* cumulative EBITDA | $115,553 | $83,005 | $44,927 |

19. The Debtor has also taken numerous aggressive steps to reduce operating costs in an effort to return to profitable operations. Cost savings have been accomplished through the elimination of employees, rejection of real and personal property leases, and efficient management. For example, the Debtor has decreased its EBITDA breakeven point from over $35,000 per day in the beginning of 2016 to approximately $17,000 per day at the end of 2016. Labor reductions are approximately 65% in the area of full time employees including a full shift in production. The adjusted numbers above do not support the claim of continuing losses and when the bankruptcy related expenses are net out of the numbers the results improve even more.

20. Forum's next argument is that cause for conversion exists because the Debtor has not filed a plan of reorganization within 120 days of the petition date. The 120 days refers to the Debtor's exclusive time for filing a plan when no other party can do so. The Debtor didn't file a plan within this period because it had a number of issues that had to be addressed before it was appropriate to file the plan. The most important reason has to do with the assumption of the sublease. In order to assume the Debtor's sublease, the Debtor would have to cure the past due rent, estimated at $200,000, and cure the mechanics liens alleged at over $629,600. The mechanics lien litigation was pending in Jefferson County District Court and the liens were disputed. Assumption of the sublease is critical to the life of the Debtor since the Property is specially constructed and improved to the Debtor's specifications. Clearly the mechanics liens had to be resolved before the sublease could be assumed and this had to be done before a plan could be confirmed and implemented.

21. The Debtor is working with its major creditors in an effort to negotiate a plan that can be confirmed with the approval of its key creditors before filing the plan. Substantial progress has been made in this regard.

**Gross mismanagement does not exist**

22. Forum argues that the case should be converted because of gross mismanagement of the Debtor by its chief executive, Eric Weissmann. In support, Forum cannot point to anything that was done wrong, Forum only points to various relationships Mr. Weissmann holds as management, as a lender, and as a partial owner of the Debtor. Forum points only to the Debtor's original Statement of Financial Affairs and Schedules and completely ignores the Amended Documents.

23. The Amended Documents clearly show the various interests that Mr. Weissmann and other insiders and non-insiders hold. Forum also clearly avoids the fact that while certain payments have been made to Mr. Weissmann for expense reimbursements and salary, he has advanced loans to the Debtor in excess of $2 million either directly or through TKF Interim Funding II, LLC. The flow of funds with respect to Mr. Weissmann has clearly gone overwhelmingly into the Debtor.

24. Conversion of this case to chapter 7 serves no ones' purpose other than that of Forum who is only looking to recover the Forum Collateral. Under a chapter 7 case, unsecured creditors will recover nothing. In a dismissal of the case, the only ones who will recover are certain secured creditors, and they will recover very discounted values with respect to their collateral that has a much higher value in an operating company. The best interest of all creditors is served by allowing the Debtor to move forward with its chapter 11 case.

25. Forum has also completely failed to analyze the effect of the Debtor's assumption of the Intel purchase agreement and the resulting administrative claim for damages that Intel would hold in the event this case was to convert. The Intel agreement provided, among other things, for the assumption by the Debtor of a pre-petition amount due Intel. Rejection would result in a large administrative expense claim that would exceed any avoidance action recovery that might exist in the case.

**Conclusion**

26. Forum has completely failed to demonstrate any grounds for conversion or dismissal of the Debtor's chapter 11 case. Forum's effort is only to improve its individual interest as it attempts to get its Forum Collateral back. The conversion or dismissal request is not in the best interest of creditors in general. The best interest of creditors is served through the Debtor's continuation of its reorganization effort. The Motion to Convert should be denied.

WHEREFORE the Debtor prays that the Court make and enter an Order denying Forum Financial Services, Inc.'s Motion to Convert, and for such further and additional relief as to the Court may appear proper.

Dated: February 6, 2017.  Respectfully submitted,

By: _/s/ Lee M. Kutner_
Lee M. Kutner #10966

**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-Mail: lmk@kutnerlaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 6, 2017, I served by prepaid first class mail a copy of the foregoing **OBJECTION TO MOTION TO CONVERT OR, ALTERNATIVELY, DISMISS CHAPTER 11 CASE** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Daniel J. Morse, Esq.  
United States Trustee  
308 West 21st Street  
Room 203  
Cheyenne, WY 82001  

David T. Brennan, Esq.  
Otten, Johnson, Robinson,  
 Neff & Ragonetti, P.C.  
950 Seventeenth Street  
Suite 1600  
Denver, CO 80202  

Brian P. Gaffney, Esq.  
Snell & Wilmer, LLP  
1200 Seventeenth Street  
Suite 1900  
Denver, CO 80202  

Caroline C. Fuller, Esq.  
Fairfield and Woods, P.C.  
1801 California Street  
Suite 2600  
Denver, CO 80202  

Patrick H. Pugh, Esq.  
Ballard Spahr, LLP  
1225 17th Street  
Suite 2300  
Denver, CO 80202-5596  

Steven W. Kelly, Esq.  
Silver & DeBoskey, P.C.  
1801 York Street  
Denver, CO 80206  

Peter W. Ito, Esq.  
Ito Law Group, LLC  
1550 Larimer Street  
Suite 667  
Denver, CO 80202  

Mark F. Bell, Esq.  
Foster Graham Milstein & Calisher, LLP  
360 South Garfield Street  
6th Floor  
Denver, CO 80209  

Joanne M. Schreiner  
Dinsmore & Shohl, LLP  
255 East Fifth Street  
Suite 1900  
Cincinnati, OH 45202  

Douglas C. Pearce II, Esq.  
Connolly, Lofstedt, Cadette & Pearce, P.C.  
950 Spruce Street, Suite 1C  
Louisville, CO 80027  

Paul Arrow, Esq.  
Buchalternemer, P.C.  
1000 Wilshire Blvd.  
Suite 1500  
Los Angeles, CA 90017-1730  

David O. Hansen, Esq.  
Kumpf Charsley & Hansen, LLC  
9565 South Kingston Court  
Suite 100  
Englewood, CO 80112

Steven T. Mulligan, Esq.
Jackson Kelly, PLLC
1099 18th Street
Suite 2150
Denver, CO 80202

Marie-Josee Dube
IBM Corporation
275 Viger East
Montreal, Quebec H2X 3R7
Canada

Scott D. Kumpf, Esq.
Kumpf, Charsley & Hansen, LLC
9565 South Kingston Court
Suite 100
Englewood, CO 80112

Curtis A. Vock
Lathrop & Gage LLC
4845 Pearl East Circle
Suite 201
Boulder, CO 80301


_____
Vicky Martina