## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 16-16897-MER** |
| | ) | **Chapter 11** |
| **PHOTO STENCIL, LLC** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

---

## RESPONSE TO MOTION TO CONVERT OR, ALTERNATIVELY, DISMISS CHAPTER 11 CASE AND MEMORANDUM IN SUPPORT THEREOF

---

Pixelteq, Inc. ("Pixelteq"), the landlord to the Debtor's facility at 16080 Table Mountain Parkway, Golden, CO hereby responds and objects to the Motion to Convert, or, Alternatively, Dismiss Chapter 11 Case and Memorandum in Support Thereof (the "Motion to Convert") filed by creditor Forum Financial Services, LLC ("Forum Financial").

### I.    INTRODUCTION

Substantial progress has been made by the above captioned debtor and debtor in possession, Photo Stencil, LLC (the "Debtor"), in its effort to restructure its debts and emerge from bankruptcy as a viable going concern.  As such, there remains a reasonable likelihood for the Debtor to propose a confirmable plan of reorganization and Forum Financial has failed to establish the requisite "cause" for a conversion or dismissal of the chapter 11 case at this time.

Pixelteq is one of the largest creditors of the Debtor.  Pixelteq and the Debtor entered into a Sublease Agreement in April 2014 (the "Sublease"), wherein the Debtor agreed to lease the property through December 2018.  At the time of the bankruptcy filing, Pixelteq had a pre-petition claim for unpaid rent and late charges in excess of $300,000.  In addition, as a result of the financial challenges facing the Debtor, substantial mechanics liens were filed against the

property. As a result of the necessity to assume the lease as part of a successful reorganization, Pixelteq is well aware of its importance to the Debtor in developing a Plan of Reorganization that has a high likelihood of success.

Pixelteq has had numerous conversations with the Debtor about the status of negotiations with holders of mechanics liens as well as the long-term prospects for lease assumption. As a result of real progress toward resolutions with the holders of the mechanics liens, and in light of the fact that rent has continued to be paid in a timely manner on a post-petition basis, Pixelteq agreed to extend the time for the Debtor to assume or reject the Sublease. See Order Granting Second Motion to Extend Time to Assume or Reject Nonresidential Real Property Lease Pursuant to 11 U.S.C. § 365(d)(4) [Doc. # 211]. As the Debtor continues its efforts to finalize a proposal for a confirmable plan, discussions between the Debtor and Pixelteq remain active.

Pixelteq agrees that it is in the interest of all parties in interest for this bankruptcy proceeding to move expeditiously towards a resolution, either via a confirmable plan, sale of assets, or conversion to chapter 7. It is incumbent upon the Debtor to continue its forward progress, as languishing in chapter 11 is not a long-term solution, and substantial additional delay is likely to be counter-productive. However, given the progress to date and the status of ongoing discussions, Pixelteq believes additional time is warranted and the Motion to Convert is premature.

III.    ARGUMENT

As noted in the Motion to Convert, the movant has the burden to show that "cause" exists to convert or dismiss a chapter 11 case. *See, e.g. Bal Harbour Club, Inc. v. AVA Dev. Inc.* (*In re Bal Harbour Club, Inc.*), 316 F.3d 1192, 1195 (11th Cir. 2003). "Cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of

rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

While the monthly operating reports show continued losses, cause only exists to convert if the movant is also able to show the absence of a reasonable likelihood of rehabilitation. As the landlord and one of the largest creditors of the Debtor, Pixelteq is uniquely positioned to comment upon the ability of the Debtor to reorganize. While we have not yet seen a proposal that establishes long-term comfort, Pixelteq is encouraged by the efforts of the Debtor to move towards a pathway to rehabilitation. There has been success in discussions with holders of mechanics liens, which is the first step in determining the ability to cure defaults under the Sublease. Pixelteq stands willing to participate in additional discussions as the Debtor evaluates its options with an eye towards emerging as a going concern. While Pixelteq wants the process to move more quickly than it has, it recognizes that steady progress is occurring and that, with additional time, there remains a reasonable opportunity for the Debtor to successfully reorganize and emerge as a profitable business.

## IV.    CONCLUSION

For the foregoing reasons, Pixelteq believes there is a reasonable likelihood of rehabilitation and believes that the Motion to Convert should be dismissed.

Respectfully submitted this 6th day of February, 2017.

BALLARD SPAHR LLP

By:  \s\ *Patrick H. Pugh*

Patrick H. Pugh, #36774
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
Tel: (303) 292-2400
Fax: (303) 296-3956
pughp@ballardspahr.com

- And -

Patrick Burns (OH# 0081111)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977.8200
Facsimile: (513) 977.8141
patrick.burns@dinsmore.com

*Attorneys for Pixelteq, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on 6th day of February, 2017, I served by prepaid first class mail a copy of the foregoing **RESPONSE TO MOTION TO CONVERT OR, ALTERNATIVELY, DISMISS CHAPTER 11 CASE AND MEMORANDUM IN SUPPORT THEREOF** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Daniel J. Morse, Esq.
United States Trustee
308 West 2151 Street
Room203
Cheyenne, WY 82001

Mark F. Bell
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, 6th Floor
Denver CO 80209

David T. Brennan, Esq.
Otten, Johnson, Robinson, Neff & Ragonetti, P.C.
950 Seventeenth Street
Suite 1600
Denver, CO 80202

Steven T. Mulligan
Jackson Kelly, PLLC
1099 18th Street
Suite 2150
Denver, CO 80202

Brian P. Gaffney, Esq.
Snell & Wilmer, LLP
1200 Seventeenth Street
Suite 1900
Denver, CO 80202

Paul S. Arrow, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90012

Caroline C. Fuller, Esq.
Fairfield and Woods, P.C.
1801 California Street
Suite 2600
Denver, CO 80202

Joanne M. Schreiner
Dinsmore & Shohl, LLC
255 east Fifth Street
Suite 1900
Cincinnati, OH 45202

Steven W. Kelly, Esq.
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206

Douglas C. Pearce II
Connolly, Lofstedt, Cadette & Pearce, P.C.
950 Spruce Street, Suite 1C
Louisville, CO 80027

Peter W. Ito
Ito Law Group, LLC
1550 Larimer Street, Suite 667
Denver CO 80202

David O. Hansen
Kumpf Charsley & Hansen, LLC
9565 South Kingston Court
Suite 100
Englewood, CO 80112

Scott D. Kumpf
Kumpf Charsley & Hansen, LLC
9565 South Kingston Court
Suite 100
Englewood, CO 80112

Lee M. Kutner, Esq.
Kutner Brinen, P.C.
1660 Lincoln Street, Suite 1850
Denver, CO 80264

Sandstrum Law
Attn: Michael A. Sandstrum
1515 Wynkoop Street, Suite 360
Denver, CO 80202

Ross A. Hoogerhyde
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, CO 80203

Curtis A. Vock
Lathrop & Gage LLC
4845 Pearl East Circle
Suite 201
Boulder Co 80301

Keri L. Riley
Kutner Brinen, P.C.
1660 Lincoln Street, Suite 1850
Denver, CO 80202

Joli A. Lofstedt
Connolly, Lofstedt, Cadette & Pearce, P.C.
950 Spruce Street,
Suite #1C Louisville,
CO 80027

Blockwick, Einsenstein Krahenbuhl, LLC
Attn: Craig Blockwick
2672 North Park Drive, Suite 200
Lafayette, CO 80026

*/s/  Katya H. Moses*
Katya H. Moses

2